NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

**HUI YUN OU, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

**No. 07–1515–ag.**

United States Court of Appeals, Second Circuit.

Aug. 28, 2007.

Barry Frager, The Frager Law Firm, P.C., Memphis, TN, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa Arnold, Senior Litigation Counsel, Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner, Hui Yun Ou, a native and citizen of China, seeks review of a March 14, 2007 order of the BIA affirming the July 28, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ou,* No. A 97 385 151 (B.I.A. Mar. 14, 2007), *aff'g* No. A 97 385 151 (Immig. Ct. N.Y. City July 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision but not all of the IJ's supporting reasoning, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the [arguments] for denying relief that w[ere] rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B);

see *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 304–05 (2d Cir.2007).

■ Substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang,* 386 F.3d at 73 & n. 7. The inconsistencies identified by the IJ and BIA concern whether Ou endured the past persecution she alleged, and, as such, were not minor or collateral to her claim. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). For example, while Ou stated in her credible fear interview that she had been beaten five or six times by government officials, she testified that she had only been beaten twice. Similarly, although she stated in her credible fear interview that she had once been beaten to the point that she was unable to walk and required hospital care, she testified that the worst injury she ever received required only a band-aid.

■ Moreover, contrary to Ou's argument, the agency did not err in relying on Ou's credible fear interview in reaching its adverse credibility determination. To determine whether an airport interview is sufficiently reliable to merit consideration in a credibility determination, this Court generally looks to: (1) whether the record merely summarizes the applicant's statements rather than providing a verbatim account, (2) whether the questions posed seem designed to elicit the details of an asylum claim, (3) whether the applicant appears to have been reluctant to reveal information based on coercive experiences in her home country, and (4) whether the applicant's answers suggest that she did not understand the translations provided by the interpreter. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir. 2004). We have not addressed whether the concerns inherent in an airport inter-

view apply in the context of a credible fear interview. *Cf. Diallo v. Gonzales*, 445 F.3d 624, 631–32 (2d Cir.2006) (finding that the considerations of *Ramsameachire* do not apply to asylum interviews). However, even applying the stricter standards for airport interviews, the BIA properly found that Ou's credible fear interview was reliable for the purpose of evaluating her credibility. *See Ramsameachire*, 357 F.3d at 179–80. The BIA reasonably observed that the interview notes appear to be a verbatim account and do not reflect any lack of understanding on Ou's part. Nor was there any indication that the interview was coercive. Ou fails to identify any evidence supporting her assertion that the quality of the translation was deficient. Accordingly, the agency properly relied on the substantial and material inconsistencies between Ou's testimony and her credible fear interview in reaching its adverse credibility determination.

Because the only evidence that Ou's life or freedom would be threatened or that she was likely to be tortured depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).